## CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of G. Elaine Pierce

December 30, 1998

Case No. (Fiduciary) 60117

BY JUDGE F. BRUCE BACH

This matter came on for a hearing on August 13, 1998. After considering argument and memorandum of counsel, I find that the will of G. Elaine Pierce was revoked by the testator on July 28, 1994, and she died intestate. Accordingly, Petitioner's request for an order admitting the April 1, 1988, will to probate is denied.

### I. *Facts*

Mrs. G. Elaine Pierce executed her will on April 1, 1988, leaving all of her property to her husband, Raymond E. Pierce, the Petitioner in this matter. On July 28, 1994, Mrs. Pierce wrote "Void" and "Elaine" across all three pages of her will. The words are written vertically in the center of each page so that they do not touch every line on every page. On the last page, near the attestation clause, she wrote:

Cancelled This Date
Thumb Print on 7-28-94
Center of Seal
I am changing to a "Living Will"
This date 7-28-94 I am going for a
biopsy on the neck hopefully and prayerfully
it is not non Hodkins Lymphoma

The will was found by Mr. Pierce among Mrs. Pierce's personal belongings.

In November, 1997, Mr. Troy R. Martin, the decedent's son, visited his mother. Mr. Martin testified that during this visit, his mother called him and

Mr. Pierce into her room and told them both that she wanted her son to have half of the house and all of her property. Mr. Pierce testified that he remembered the event but not the exact words of the conversation. Mrs. Pierce died shortly after this conversation on November 19, 1997.

Mr. Martin testified that two days after arriving in Virginia after his mother's death, he and Mr. Pierce discussed his mother's estate. Mr. Martin testified that at this time he and Mr. Pierce agreed to equally split Mr. and Mrs. Pierce's property. Mr. Pierce testified that he and Mr. Martin had talked only about equally splitting Mrs. Pierce's property.

## II. *Discussion*

### A. *Will Revocation*

The first issue presented is whether the decedent's handwritten alterations constitute a total or partial revocation of the will. I find that, as a factual matter, the will has been totally revoked.

Code § 64.1-58.1 of Va. Code Ann., dealing with revocation of wills generally, provides, as pertinent: "If a testator, having an intent to revoke ... cuts, tears, burns, obliterates, cancels or destroys a will ... such will ... is thereby void and of no effect."

In the present case, the physical act of the testator writing "Void" and "Elaine" in large letters on every page of her will clearly supports an inference of cancellation. Moreover, there is the unrebutted presumption that the testator marked these pages with the intent to revoke. Here the will presented for probate had been in the testator's custody since its execution and was found among her personal effects at death with the handwritten alterations that constitute a sufficient act of cancellation. Accordingly, a rebuttable presumption arises that such alterations were made with the intent to revoke the instrument. See *Jessup v. Jessup*, 221 Va. 61, 267 S.E.2d 115 (1980).

### B. *Dependent Relative Revocation*

The second issue raised is whether the doctrine of dependent relative revocation applies and rebuts the presumption that the cancellation was done with the intent of revoking the will. I find that the doctrine of dependent relative revocation inapplicable because the testator did not intend to make her revocation conditional upon the execution of a new will.

Dependent relative revocation can "only apply where there is a clear intent of the testator that the revocation of the old will is made conditional ... ." 95

C.J.S., *Wills*, § 267 at 37. In the present case, the only evidence presented by Petitioner suggesting that the testator had any intention of making the revocation conditional upon the execution of a new will is her note, "I am changing to a 'Living Will'." I do not find from this language that the testator had any clear intent to make the revocation conditional.

The Court's interpretation is supported by the testator's November 1997 conversation with Mr. Pierce and Mr. Martin about the disposition of her estate. While the parties dispute the specifics of that conversation, it is undisputed that after her death both Mr. Pierce and Mr. Martin agreed to split the testator's estate. Clearly, Mr. Pierce and Mr. Martin understood that the testator did not intend her April 1, 1988, will to be the final statement of her testamentary will.

Accordingly, the Petitioner's request for an order admitting the April 1, 1988, will to probate as the last will and testament of G. Elaine Pierce is denied.